UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re:<br><br>GREGORY S. LISH and AMY M. LISH,<br><br>　　　　　　　　　　Debtors, | Case No. BK-12-13558-cv-13558-MKN<br><br>Chapter 11 (Converted from Chapter 13)<br><br>Appeal Reference No. 12-61<br><br>USDC No. 2:12-cv-02204-APG-NJK |
| DAVID J. WINTERTON & ASSOCIATES, LTD.<br><br>　　　　　　　　　　Appellant,<br>v.<br><br>UNITED STATES TRUSTEE and FIRST SECURITY BANK OF NEVADA,<br><br>　　　　　　　　　　Appellees. | **ORDER DISMISSING APPEAL**<br><br>(Appellee's Motion to Dismiss Appeal and for Sanctions – dkt. no. 8) |

I.　SUMMARY

Before the Court is Appellee First Security Bank of Nevada's ("FSB") Motion to Dismiss Appeal and for Sanctions. (Dkt. no. 8.) FSB argues that Appellant David J. Winterton & Associates, Ltd.'s ("Appellant") appeal of the bankruptcy court's sanctions order should be dismissed for failure to prosecute. For the reasons below, the Motion to Dismiss is granted and the request for sanctions is denied.

\\\

\\\

## II. BACKGROUND

On March 28, 2012, Gregory S. Lish and Amy M. Lish (the "Debtors") filed a voluntary petition for Chapter 13 bankruptcy. One of the Debtors' creditors was FSB, which had previously been awarded a monetary judgment against the Debtors. Related to that action, the Debtors filed a separate suit in state court against FSB for fraud and misrepresentation. The state law claim was dismissed by the district court, but was on appeal to the Nevada Supreme Court at the time Appellant filed this appeal. Appellant represented the Debtors in both the bankruptcy and state district court proceedings.

On August 1, 2012, the debtors moved to convert their Chapter 13 case to Chapter 11. As part of the conversion, the bankruptcy court appointed a Chapter 11 Trustee and dismissed Appellant as counsel. Appellant, however, sought to continue conducting discovery related to the bankruptcy proceedings, seeking to depose FSB and its counsel regarding a potential negligence claim against Appellant. Appellant refused to cancel the depositions despite FSB's objections relating to his lack of authority in the bankruptcy matter.

On December 10, 2012, the bankruptcy court granted FSB's Motion for a Protective Order and Sanctions against Appellant for violations of FRBP 9011(b)(1) and (2). On December 21, 2012, Appellant appealed the bankruptcy court's order. However, Appellant failed to perfect the appeal by filing a designation of record and statement of issues within fourteen days as required by FRBP 8006. On June 26, 2013, more than five months after the deadline for Appellant's required filings, FSB moved to dismiss the appeal for lack of prosecution.

## III. DISCUSSION

**A. Legal Standard**

Although procedural violations do not affect the validity of an appeal, the district court has the authority to dismiss the appeal if it determines dismissal is the appropriate remedy for such violations. FRBP 8001(a). Dismissal may be appropriate when a party fails to file a designation of the reporter's transcript, designation of record, or a statement of issues and/or brief. Local Rule 8070(a). Generally, a procedural violation of a bankruptcy rule is insufficient

to warrant dismissal and a district court should consider alternative sanctions. *In re Fitzsimmons*, 920 F.2d 1468, 1472 (9th Cir. 1990). However, "the existence of bad faith constitutes egregious circumstances which can warrant dismissal even without the explicit consideration of alternative sanctions and relative fault." *Id.* at 1474. Thus, where bad faith conduct results in prejudice to the appellee, dismissal of the appeal is appropriate. *See id.* at 1473, 1475.

**B. Analysis**

The court must decide whether Appellant's five-month delay in perfecting the appeal constitutes bad faith conduct, and if so, whether such conduct resulted in prejudice to FSB. Because it decides both questions in the affirmative, the Court grants FSB's Motion.

*1. Bad Faith*

An extensive, unreasonable delay in complying with the requirements of FRBP 8006 can constitute bad faith. *See id.* at 1471, 1474 (cumulative delay of three years); *In re Lou*, No. 96-56125, 1997 WL 342231, at *1 (9th Cir. June 19, 1997) (49-day delay); *In re Marsh*, 19 Fed. Appx. 727, 729 (9th Cir. 2001) (109-day delay); *In re Waksberg*, No. 09-00419, 2009 WL 1211351, at *1 (C.D. Cal. Apr. 27, 2009) (133-day delay). To hold otherwise would permit the strategy of dragging out bankruptcy proceedings as long as possible without any real threat of repercussion. *Fitzsimmons*, 920 F.2d at 1474. Such a strategy threatens the authority of the court. *Id.*

Here, Appellant filed its notice of appeal on December 21, 2012 and was required to perfect the appeal by January 4, 2013. To the date of this Order, Appellant has failed to do so. Even after FSB's Motion was filed on June 26, 2013, Appellant has not complied with the requirements of FRBP 8006. This extensive delay constitutes bad faith if there is no reasonable explanation.

Appellant contends that its lengthy delay should be excused because it was instructed—although Appellant's Response does not indicate by whom—to postpone the prosecution of his appeal to facilitate settlement negotiations between the Debtors and FSB, including dismissal of the sanctions against Appellant. (Dkt. no. 9 at 3-4.) Appellant asserts it "was instructed not to

take any action or [FSB] may interpret [such] actions that they (sic) were still pursuing the claims against" FSB. *Id.* at 4. Consequently, Appellant took no action on the appeal so as to not disrupt the settlement negotiations. Apparently, a settlement was reached, but may have fallen apart. *Id.* Appellant argues that FSB's present Motion to Dismiss was filed in retaliation for the deterioration of the settlement negotiations, and constitutes a fraud upon the court.

Appellant's factual account is vague, unsupported by evidence, and not entirely consistent with the record. For Appellant's excuse to be valid, it must have been advised by January 4, 2013 (the time of Appellant's deadline), that Appellant should not perfect the appeal so as to not interfere with on-going negotiations. The sole evidence Appellant provides to support his contention is a document filed in the state court on June 17, 2013 stating that FSB and the Debtors had come to a verbal settlement agreement. The court cannot reasonably infer from this June document that the settlement negotiations had been on-going since early January. Further, Appellant has failed to provide any evidence—not a document, email, or affidavit of the Debtors, Debtor's counsel, or anyone else involved in the negotiation—to establish the purported communication directing Appellant to not pursue the appeal and that the settlement would include the dismissal of the sanctions. The evidence is simply lacking to accept Appellant's account.

This is especially true considering Appellant's account posits more questions than answers. At the time of the appeal, Appellant was no longer representing the Debtors, and the sanctions order was unrelated to the Debtors' substantive claim in the state court action. Further, the state claim was the property of the estate and was being prosecuted by the Trustee, not the Debtors. Thus, perfection of the instant appeal could not be construed as a continued pursuit by the Debtors of a separate action in a state court, which was being prosecuted by a third party. Perhaps more importantly, even if Appellant was instructed not to perfect the appeal, Appellant did not file a stipulation, motion for extension, or other document informing the court of the reason for non-compliance. The failure to take any action, especially considering the appealed order imposed sanctions on Appellant, suggests that the delay was not excusable.

Moreover, FSB has provided an affidavit from its counsel stating that no settlement negotiations took place until June, that the dismissal of the sanctions was never a part of those negotiations, and that FSB never instructed Appellant to not pursue his appeal. (Dkt. no. 17.) FSB's version of the facts also fits more consistently with the record, given that the Debtor's bankruptcy was converted to Chapter 7 in February and FSB filed an opposition to discharge in early June. It seems unlikely that the parties would pursue negotiations while the bankruptcy was in flux, or that FSB would actively oppose the Debtor's motions when settlement negotiations had nearly culminated. Consequently, Appellant's excuse is not credible, and its delay was unreasonable and constitutes bad faith conduct.

### 2. Prejudice

Unreasonable delay creates a presumption of prejudice. *Moore v. Telfon Comm. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978) (citing *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). That presumption is rebuttable on a showing that no actual prejudice occurred. *Anderson*, 542 F.2d at 524.

FSB contends that, as a result of the delay, it has incurred "considerable expenses" and has been unable to designate additional items to be included on the record of the appeal as it is entitled to under Rule 8006. Appellant argues that FSB suffered no actual prejudice because FSB actually saved money and "the record was transcribed and prepared." Appellant argues that his actions allowed FSB to reach a settlement with the Debtors, which ultimately would have saved them money were it not for FSB's alleged breach of that agreement. Appellant further argues that because the transcript of the sanctions-imposing hearing was available in the bankruptcy case's docket, Appellant's non-compliance with Rule 8006 has not hampered FSB's ability to prepare for the appeal.

Appellant's arguments are not sufficient to overcome the presumption of prejudice resulting from the unreasonable delay. As discussed above, it does not appear that Appellant's delay was at the behest of FSB to facilitate negotiations between FSB and the Debtor.

Accordingly, Appellant's taking credit for the settlement is not evidence of purported savings.[1] Further, although FSB could reasonably assume that the appeal record would include the hearing transcript, the availability of the transcript in the bankruptcy docket would not inform FSB whether Appellant intended to include anything else in the appeal or what specific issues Appellant wished to challenge. Further, because Defendant has yet to comply with Rule 8006, FSB's right to designate more information for the appellate record has not been triggered. Consequently, while FSB's prejudice may not be great up to this point, Appellant's arguments do not establish that FSB did not suffer actual prejudice and are insufficient to overcome the presumption created by his delay.

    3. *Sanctions*

The conclusion of FSB's motion includes the request that the court "sanction [Appellant] for [FSB's] attorney's fees and costs in filing this Motion." The Motion contains no argument or legal authority in support of an award for attorney's fees. The request for sanctions is denied.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Appellee First Security Bank of Nevada's Motion to Dismiss is GRANTED. This case is dismissed.

**IT IS FURTHER ORDRERED** that Appellee First Security Bank of Nevada's Request for Sanctions is DENIED.

DATED THIS 5th day of August, 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] FSB suggests that the evidence indicates that Appellant played a part in the collapse of the settlement negotiations. (Dkt. no. 16 at 5:13-24.) The court does not rule or opine on that suggestion.